# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Douglas Johnson

### DEFENDANTS
Rightway Courier, LLC, and Richard Forsyth

**(b)** County of Residence of First Listed Plaintiff: **Bucks**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: **Bucks**
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Stanley B. Cheiken, 2617 Huntingdon Pike, Huntingdon Valley, PA 19006
215-572-8600

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☒ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| | | | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Fair Labor Standards Act, 29 U.S.C. Section 201, et seq

Brief description of cause:
Misclassifcation of non-exempt employee, failure to pay overtime

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ 25,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____  DOCKET NUMBER _____

DATE: 3/6/19
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### DESIGNATION FORM
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: **33 Dawn Road, Levittown, PA 19056**

Address of Defendant: **146 Alberts Way, Langhorne, PA 19047**

Place of Accident, Incident or Transaction: **Bucks County, PA**

---

**RELATED CASE, IF ANY:**

Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes ☐  No ☐

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes ☐  No ☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes ☐  No ☐

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes ☐  No ☐

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: **3/6/19**  *Attorney-at-Law / Pro Se Plaintiff* (signed)  **62106** *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

**A. Federal Question Cases:**
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☑ All other Federal Question Cases
    *(Please specify):* **Fair Labor Standards Act**

**B. Diversity Jurisdiction Cases:**
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify): _____
7. ☐ Products Liability
8. ☐ Products Liability – Asbestos
9. ☐ All other Diversity Cases
   *(Please specify):* _____

---

### ARBITRATION CERTIFICATION
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____, counsel of record or pro se plaintiff, do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: _____  *Attorney-at-Law / Pro Se Plaintiff*  _____ *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | |
|---|---|
| DOUGLAS JOHNSON<br><br>Plaintiff,<br><br>v.<br><br>RIGHTWAY COURIER, LLC; and<br>RICHARD FORSYTH<br><br>Defendant. | CIVIL ACTION<br><br>No.<br><br>JURY TRIAL DEMANDED |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. §2241 through §2255.                                ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits                                     ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.       ( x )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                                              ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)                                                                                 ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.                   ( )

| | | |
|---|---|---|
| 3/6/19 | Stanley B. Cheiken | |
| **Date** | **Attorney-at-law** | **Attorney for Plaintiff** |
| (215) 572-8600 | (215) 572-7838 | sbc@cheikenlawfirm.com |
| **Telephone** | **Fax Number** | **Email Address** |

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DOUGLAS JOHNSON,<br>33 Dawn Road<br>Levittown, PA 19056,<br><br>          Plaintiff,<br><br>    v.<br><br>RIGHTWAY COURIER, LLC<br>146 Alberts Way<br>Langhorne, PA 19047,<br><br>    -and-<br><br>RICHARD FORSYTH<br>146 Alberts Way<br>Langhorne, PA 19047,<br><br>          Defendants. | CIVIL ACTION<br><br>No.<br><br><br>**JURY TRIAL DEMANDED** |

## **COMPLAINT**

Plaintiff Douglas Johnson, by and through undersigned counsel, hereby brings this action against defendant Rightway Courier, LLC and Richard Forsyth, and avers as follows:

## **PARTIES**

1. Plaintiff Douglas Johnson ("Johnson") is an adult individual residing at 33 Dawn Road, Levittown, PA 19056.

2. Defendant Rightway Courier, LLC ("Rightway") is a limited liability company organized and existing under the laws of the Commonwealth of Pennsylvania with its registered office located at 146 Alberts Way, Langhorne, PA 19047.

3. Defendant Richard Forsyth ("Forsyth") is an adult individual residing at 146 Alberts Way, Langhorne, PA 19047. At all times relevant hereto, Forsyth has been the managing member of Rightway.

## JURISDICTION AND VENUE

4. The Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331 because the claims herein arise under the laws of the United States, specifically the Fair Labor Standards Act ("FLSA"). The Court has supplemental jurisdiction over the related state law claims pursuant to 28 U.S.C. §1367 because the claims arise out of the same set of occurrences and are based upon a common nucleus of operative facts.

5. Venue lies within this Judicial District pursuant to 28 U.S.C. §1391(b)(1) and (2) because the Defendants reside herein and the events giving rise to this lawsuit occurred herein.

## FACTUAL BACKGROUND

6. Johnson commenced his employment with Rightway as a Dispatcher on or about August 31, 2015.

7. At the time of his hire, and for the remainder of his employment with Rightway, Johnson reported directly to Forsyth, the owner of Rightway.

8. At the time of his hire, it was agreed that Johnson would be paid a weekly salary of $800.

9. After approximately one year, Johnson's salary was increased to $840 per week.

10. At the time of his hire, and for the remainder of his employment, at the direction and insistence of Forsyth, Johnson was misclassified as an employee who was exempt from receiving overtime pay.

11. In fact, under the requirements of the law, Johnson was not an exempt employee and was entitled by law to overtime pay when he worked in excess of forty hours in a given workweek.

12. Throughout his employment, Johnson was routinely required to work in excess of forty hours per workweek.

13. Nevertheless, Johnson was never paid for his hours when he worked more than forty hours in a given workweek.

## COUNT I
## VIOLATION OF THE FLSA
## FAILURE TO PAY OVERTIME

14. The averments contained in paragraphs 1 through 13 above are incorporated herein by reference as though set forth at length.

15. At all times relevant hereto, Rightway was an "employer" within the meaning of the FLSA.

16. At all times relevant hereto, Johnson was an "employee" within the meaning of the FLSA.

17. Under the FLSA, an employer must pay an employee at least one and one half times his or her base rate for each hour worked in excess of forty hours per workweek.

18. Rightway violated the FLSA by intentionally misclassifying Johnson as an exempt employee, and by failing to pay Johnson at least 1.5 times his regular rate of pay for the hours he worked in excess of 40 in a workweek.

19. As a direct and proximate result of Rightway's unlawful conduct, Johnson has suffered damages in the amount of $10,765.50 in unpaid wages during the three year period prior to the filing of this lawsuit.

20. Rightway's conduct as aforesaid was willful and was not based upon any reasonable interpretation of the law.

21. Additionally, Johnson is entitled to liquidated damages in an amount equal to the unpaid wages due to him.

22. Under the FLSA, in addition to unpaid wages and liquidated damages, Johnson is also entitled to an award of reasonable attorney's fees.

23. Forsyth is personally liable for Rightway's violation of the law because he is the owner of Rightway, he exercised day-to-day control of the operations of Rightway, and he was personally responsible for the supervision and payment of Rightway's employees.

WHEREFORE, plaintiff Douglas Johnson demands judgment in his favor and against defendants Rightway Courier, LLC and Richard Forsyth, jointly and severally, in the amount of $10,765.50 in compensatory damages, and $10,765.50 in liquidated damages, together with prejudgment interest, reasonable attorney's fees and costs of suit.

### COUNT II
### VIOLATION OF THE PENNSYLVANIA MINIMUM WAGE ACT
### FAILURE TO PAY OVERTIME

24. The averments contained in paragraphs 1 through 23 above are incorporated herein by reference as though set for at length.

25. At all times relevant hereto, Rightway was responsible for paying wages to Johnson.

26. At all times relevant hereto, Johnson was an "employee" of Rightway within the

meaning of the Pennsylvania Minimum Wage Act.

27. Under the Pennsylvania Minimum Wage Act, an employer must pay an employee at least one and one half times his or her base rate for each hour worked in excess of forty hours per workweek.

28. Rightway violated the Pennsylvania Minimum Wage Act by not paying Johnson at least 1.5 times his base rate when he worked in excess of 40 hours per workweek.

29. As a direct and proximate result of Rightway's unlawful conduct, Johnson has suffered damages in the amount of $10,765.50 in unpaid overtime premium during the three year period prior to the filing of this lawsuit.

30. Rightway's conduct as aforesaid was willful and was not based upon any reasonable interpretation of the law.

31. Under the Pennsylvania Minimum Wage Act, in addition to unpaid wages, Johnson is also entitled to an award of reasonable attorney's fees.

WHEREFORE, plaintiff Douglas Johnson demands judgment in his favor and against defendant Rightway Courier, LLC, in the amount of $10,765.50 in compensatory damages, together with prejudgment interest, reasonable attorney's fees and costs of suit.

**COUNT III**
**VIOLATION OF THE PA WAGE PAYMENT AND COLLECTION LAW**
**FAILURE TO PAY WAGES OWED**

32. The averments contained in paragraphs 1 through 31 above are incorporated herein by reference as though set for at length.

33. Rightway violated the PA Wage Payment and Collection Law by not paying Johnson wages owed as aforesaid in the amount of $10,765.50.

34. Pursuant to the PA Wage Payment and Collection Law, Johnson is entitled to

liquidated damages in the amount 25% of the total unpaid wages, or an additional $2,691.38.

35. Under the PA Wage Payment and Collection Law, in addition to unpaid wages, Johnson is also entitled to an award of reasonable attorney's fees

36. At all relevant times, Forsyth was the decisionmaker on behalf of Rightway and Forsyth's conduct was willfully calculated to avoid paying wages due to Johnson. As such, Forsyth is individually liable under the PA Wage Payment and Collection Law.

WHEREFORE, plaintiff Douglas Johnson demands judgment in his favor and against defendants Rightway Courier, LLC and Richard Forsyth, jointly and severally, in the amount of $10,765.50 in compensatory damages and $2,691.38 in liquidated damages, together with prejudgment interest, reasonable attorney's fees and costs of suit.

Date: March 6, 2019

_____
STANLEY B. CHEIKEN, ESQUIRE

2617 Huntingdon Pike
Huntingdon Valley, PA 19006
(215) 572-8600

*Attorney for Plaintiff*